## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC. | |
| Plaintiff, | Civil Action File No.:_____ |
| vs. | **JURY TRIAL DEMANDED** |
| TEXTRONICS, INC., ADIDAS NORTH AMERICA, INC. | |
| Defendants. | |

## COMPLAINT

Plaintiff Sarvint Technologies, Inc. ("Sarvint") files this original Complaint against Defendants Textronics, Inc. and Adidas North America, Inc. ("Defendants"), alleging, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

### INTRODUCTION

1.

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code to enjoin infringement and obtain damages from Defendants' unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the subsequent use or sale of products

1

or methods that infringe one or more claims of U.S. Patent No. 6,381,482, entitled Fabric or Garment with integrated Flexible Information Infrastructure (hereinafter "the '482 Patent") and U.S. Patent No. 6,970,731, entitled A Novel Fabric-Based Sensor for Monitoring Vital Signs (hereinafter "the '731 Patent").

## JURISDICTION AND VENUE

2.

Sarvint Technologies, Inc. is a Delaware limited liability company having its principal place of business in Atlanta, Georgia.

3.

Upon information and belief, Textronics, Inc. is a Delaware corporation with principal places of business located at 3825 Lancaster Pike, Suite 201, Wilmington, Delaware 19805 and 4 Hillman Drive, Suite 130, Chadds Ford, Pennsylvania 19317.

4.

Upon information and belief, Textronics, Inc. may be served this Complaint via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

5.

Upon information and belief, Adidas North America, Inc. is a Delaware corporation with principal places of business located at 5055 N Greeley Avenue, Portland, OR 97217.

6.

Upon information and belief, Adidas North America, Inc. may be served this Complaint via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7.

This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8.

Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, thus entitling Sarvint to relief.

9.

Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long Arm Statute, due at least to Defendants' substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this district.

**THE INVENTION**

10.

Dr. Sundaresan Jayaraman, the lead inventor of the '482 and '731 Patents, is Kolon Professor in the School of Materials Science and Engineering with a joint appointment in the Scheller College of Business at the Georgia Institute of Technology.

11.

Dr. Jayaraman has served on eight Study Committees for the Institute of Medicine (IOM) and the National Research Council of the National Academies. Dr. Jayaraman is a founding member of the IOM Standing Committee on Personal Protective Equipment in the Workplace (2005-2013). From December 2008 to February 2011, he served on the Board on Manufacturing and Engineering Design

of the National Academies. In February 2011, Dr. Jayaraman became a founding member of the National Materials and Manufacturing Board of the National Academies. In October 2000, Professor Jayaraman received the Georgia Technology Research Leader Award from the State of Georgia which "*honors an individual whose contribution to basic research extends the boundaries of a technology-related field. The contribution must be recognizable as a definite advance of knowledge or a significant technological development*."

12.

One of Dr. Jayaraman's significant contributions to technological development includes his leading, and participation in, the research team whose efforts led to the realization of the world's first *Wearable Motherboard*™, also known as the "Smart Shirt" ([www.smartshirt.gatech.edu](www.smartshirt.gatech.edu)) which was the prototype for the inventions identified in the '482 and '731 Patents.

13.

The invention of the "Smart Shirt" has been lauded as a breakthrough technological achievement. The invention of the "Smart Shirt" was featured in a Special Issue of LIFE Magazine entitled <u>Medical Miracles for the New Millennium</u> (Fall 1998) as *One of the 21 Breakthroughs that Could Change Your Life in the 21*<sup>st</sup> *Century*.

14.

Further accolades followed.  In November 2001, TIME Magazine named the Smart Shirt one of the *Best Inventions of the Year 2001* and in July 2003, Newsweek Magazine featured it as one of the *10 Inventions That Will Change the World*.

15.

The first Smart Shirt is currently housed at the Smithsonian Museum in Washington, DC.

16.

In May 2006, Dr. Jayaraman was named a First Prize Winner (out of 4,200 entries) in the Modern Marvels Invent Now Challenge conducted by The History Channel, The National Inventors Hall of Fame and TIME Magazine. In 2007, it was featured on a program entitled, "2057: The Body" on the Discovery Channel (http://www.youtube.com/watch?v=5-px4MAKREs).

17.

Dr. Jayaraman and his research team of inventors assigned their interests in the invention to the Georgia Tech Research Corporation, a nonprofit corporation organized and existing under the laws of the State of Georgia and having its principal offices at 505 Tenth Street, Atlanta, Georgia 30332-0415, (hereinafter "GTRC").  GTRC is the owner, by assignment, of the '482 and '731 Patents.

6

18.

On April 14, 2014, GTRC awarded Sarvint an exclusive license to make, have made, sell, offer for sale, use and import products practicing claims of the '482 and '731 Patents.

19.

Sarvint is the exclusive licensee of the '482 Patent with ownership of all substantial rights in the '482 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '482 Patent is attached as Exhibit A hereto.

20.

Sarvint is the exclusive licensee of the '731 Patent with ownership of all substantial rights in the '731 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '731 Patent is attached as Exhibit B hereto.

21.

Sarvint is in the process of building its management team and is raising capital to fund the development of products practicing the claims of the '482 and '731 Patents.  The existence of competitors making, using, offering for sale, and selling products which infringe the '482 and '731 Patents are negatively affecting Sarvint's ability to raise capital and build its business.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 6,381,482)

22.

Sarvint re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

23.

Sarvint is the exclusive licensee and owner of all substantial rights in U.S. Patent No. 6,381,482, which issued from the United States Patent and Trademark Office on April 30, 2002, including the right to exclude others and to enforce, sue and record damages for past and future infringement.

24.

The '482 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT OF '482

25.

Defendants have directly infringed and continue to directly infringe one or more claims of the '482 patent in this judicial district and elsewhere in Georgia and the United States, including at least claim 1, by among other things making, using, offering for sale and/or selling the infringing adidas Wearable Sports Electronics products sold under the numetrex® brand, including but not limited to the Adidas

miCoach Men's Training Shirt (pictured below) (hereinafter the "ADIDAS OFFERINGS").



26.

Defendants have had knowledge of the '482 patent for at least a period of time during the period whereby Defendant has infringed the '482 patent, including discussions by Textronics, Inc. under Non-Disclosure Agreements in which Textronics, Inc. was made aware of the '482 Patent.

27.

Sarvint has been irreparably harmed by Defendants' infringements of Sarvint's patent rights.

28.

Defendants' unauthorized and infringing uses of Sarvint's '482 patent threaten the value of this intellectual property because Defendants' conduct results

in the loss of Sarvint's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

29.

The acts of infringement of the '482 patent by Defendants have caused damage to Sarvint, and Sarvint is entitled to recover from Defendants the damages sustained by Sarvint as a result of Defendants' wrongful acts in an amount subject to proof at trial.

30.

The infringement of Sarvint's exclusive rights under the '482 patent by Defendants will continue to damage Sarvint, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 6,970,731)

31.

Sarvint re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

32.

Sarvint is the exclusive licensee and owner of all substantial rights in U.S. Patent No. 6,970,731, which issued from the United States Patent and Trademark

Office on November 29, 2005, including the right to exclude others and to enforce, sue and record damages for past and future infringement.

33.

The '731 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT OF '731

34.

Defendants have directly infringed and continue to directly infringe one or more claims of the '731 patent in this judicial district and elsewhere in Georgia and the United States, including at least claim 1, by among other things making, using, offering for sale and/or selling the infringing ADIDAS OFFERINGS.

## INDIRECT INFRINGEMENT
## (INDUCEMENT – 35 U.S.C. § 271(b))

35.

Based on the information presently available to Sarvint, absent discovery, and in the alternative to direct infringement, Sarvint contends that Defendants have, and continue to, indirectly infringe one or more claims of the '731 patent by inducing direct infringement by users of the ADIDAS OFFERINGS.

36.

Defendants have had knowledge of the '731 patent for at least a period of time during the period whereby Defendants have infringed the '731 patent,

including at least since service, or notice, of this action, including discussions under Non-Disclosure Agreements in which Textronics, Inc. was made aware of the '731 Patent. On information and belief, despite having knowledge of the '731 patent, Defendants have specifically intended for persons who acquire and use their ADIDAS OFFERINGS, including Defendants' customers, to acquire and/or use such devices in a way that infringes the '731 patent, including at least claim 1, and Defendants knew or should have known that their actions were inducing infringement.

37.

Defendants instruct and encourage users to use its ADIDAS OFFERINGS in a manner that infringes the '731 patent. For examples, see:

http://www.textronicsinc.com/products/

http://www.numetrex.com/wearable-technology/

http://shop.numetrex.com/help/technology-guide/

http://shop.numetrex.com/category/womens/

In accordance with Fed. R. Civ. P. 11(b)(3), Sarvint will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT
## (CONTRIBUTORY – 35 U.S.C. § 271(c))

38.

Based on the information presently available to Sarvint, absent discovery, and in the alternative to direct infringement, Sarvint contends that Defendants have, and continue to, indirectly infringe one or more claims of the '731 patent by contributing to the direct infringement of users of their ADIDAS OFFERINGS.

39.

Defendants have had knowledge of the '731 patent since at least service, or notice, of this action. Despite this knowledge, Defendants have knowingly sold, and continue to sell, their ADIDAS OFFERINGS even though such devices are not staple articles or commodities of commerce suitable for substantial non-infringing use.

40.

The only use demonstrated for Defendants' ADIDAS OFFERINGS on Defendants' website is an infringing use.  For examples, see:

http://www.textronicsinc.com/products/

http://www.numetrex.com/wearable-technology/

http://shop.numetrex.com/help/technology-guide/

http://shop.numetrex.com/category/womens/

13

Defendants' ADIDAS OFFERINGS are especially made and/or adapted for use in infringing the '731 patent.

41.

Upon information and belief, Sarvint has been irreparably harmed by Defendants' infringements of Sarvint's patent rights.

42.

Defendants' unauthorized and infringing uses of Sarvint's '731 patent have threatened the value of this intellectual property because Defendants' conduct results in the loss of Sarvint's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

43.

The acts of infringement of the '731 patent by Defendants have caused damage to Sarvint, and Sarvint is entitled to recover from Defendants the damages sustained by Sarvint as a result of Defendants' wrongful acts in an amount subject to proof at trial.

44.

The infringement of Sarvint's exclusive rights under the '731 patent by Defendants will continue to damage Sarvint, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sarvint prays that the Court enter judgment in its favor and against Defendants, granting the following relief:

A.    That the Court enter judgment that one or more claims of the '482 patent have been infringed either literally and/or under the doctrine of equivalents, by Defendants;

B.    That the Court enter judgment that one or more claims of the '731 patent have been infringed either literally and/or under the doctrine of equivalents, by Defendants or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

C.    That Defendants be ordered to pay damages adequate to compensate Sarvint for their acts of infringement, pursuant to 35 U.S.C. § 284;

D.    That Sarvint be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '482 and '731 patents;

E.    That the Court find that this case is exceptional and award Sarvint its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.    That Defendants, their officers, agents, employees, and those acting in privity with Defendants, be preliminarily enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

15

G.      That Defendants, their officers, agents, employees, and those acting in privity with Defendants, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

H.      That Defendants be ordered to pay prejudgment and post-judgment interest;

I.      That Defendants be ordered to pay all costs associated with this action; and

J.      That Sarvint be granted such other and additional relief as the Court deems just, equitable, and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Sarvint demands a trial by jury of all issues triable of right by a jury.

This 9th day of January, 2015.          **PETER F. SCHOENTHALER, P.C.**


                                        _____/s/ Peter F. Schoenthaler_____
                                        Peter F. Schoenthaler
                                        Georgia Bar No. 629789
                                        3350 Riverwood Parkway
                                        Suite 1900
                                        Atlanta, Georgia 30339
                                        Telephone: (404) 592-5397
                                        Facsimile:  (404) 891-6120
                                        pfs@pfslawgroup.com

Andrew Crain, Esq.
Eric G. Maurer, Esq.
Thomas Horstemeyer
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
Andrew.Crain@thomashorstemeyer.com
Eric.Maurer@thomashorstemeyer.com