# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SARVINT TECHNOLOGIES, INC.

    Plaintiff,

v.

TEXTRONICS, INC., ADIDAS NORTH
AMERICA, INC.

    Defendants.

Civil Action File No.:
1:15-cv-00073-TCB

**JURY TRIAL DEMANDED**

## ANSWERS TO COMPLAINT

Defendants Textronics, Inc. ("Textronics") and adidas North America, Inc. ("adidas") (collectively, "Defendants") answer Plaintiff Sarvint Technologies, Inc.'s ("Plaintiff") Complaint as follows:

## INTRODUCTION

1.    Defendants deny that U.S. Patent No. 6,381,482 is entitled "Fabric or Garment with integrated Flexible Information Infrastructure" (hereinafter "the '482 Patent").  Defendants state that U.S. Patent No. 6,381,482 is entitled "Fabric or Garment with Integrated Flexible Information Infrastructure" (hereinafter "the '482 Patent").  Defendants admit that U.S. Patent No. 6,970,731 is entitled "Fabric-Based Sensor for Monitoring Vital Signs" (hereinafter "the '731 Patent"). Defendants admit that Plaintiff contends to have brought a patent infringement

action arising under the patent laws of the United States, Title 35.  Defendants deny the remaining allegations set forth in Paragraph 1.

## JURISDICTION AND VENUE

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore deny such allegations.

3.     Defendant Textronics admits that Textronics, Inc. is a corporation organized under the laws of the State of Delaware and that its principal place of business is 4 Hillman Drive, Suite 130, Chadds Ford, PA, 19317.

4.     Defendants state that the allegations of paragraph 4 allege a legal conclusion to which no response is required.  To the extent a response is required, Defendant Textronics admits that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, but denies the remaining allegations of paragraph 4.

5.     Defendant adidas admits that adidas North America, Inc. is a corporation organized under the laws of the State of Delaware and that its principal place of business is 5055 N. Greeley Avenue in Portland, Oregon  97217-3254.

6.     The allegations of paragraph 6 recite a legal conclusion to which no response is required.  To the extent a response is required, Defendant adidas admits

that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, but denies the remaining allegations of paragraph 6.

7.      Defendants admit that Plaintiff contends to have brought a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284-285.  Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Defendants admit venue is proper in this district.  Defendants deny that they have misappropriated any of Plaintiff's alleged patented technology in any way and deny that Defendants have committed acts of infringement or that Defendants have continued to commit acts of infringement.  Defendants deny the remaining allegations set forth in Paragraph 8.

9.      The allegations of paragraph 9 recite a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 9.

## THE INVENTION

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and therefore deny such allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and therefore deny such allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore deny such allegations.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore deny such allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and therefore deny such allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and therefore deny such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore deny such allegations.

17. Defendants admit that the face of the '482 and '731 Patents identify Georgia Tech Research Corporation as the assignee of the patents at the time of

issuance. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, and therefore deny such allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore deny such allegations.

19. Defendants admit that Exhibit A of Plaintiff's Complaint appears to be a true and correct copy of the '482 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19, and therefore deny such allegations.

20. Defendants admit that Exhibit B of Plaintiff's Complaint appears to be a true and correct copy of the '731 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore deny such allegations.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore deny such allegations.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,381,482)

22. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 21.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore deny such allegations.

24. Defendants deny the allegations set forth in Paragraph 24.

## DIRECT INFRINGEMENT OF '482

25. Defendants deny the allegations set forth in Paragraph 25.

26. Defendants admits that it was made aware of the '482 patent before Plaintiff brought suit. Defendants deny the remaining allegations set forth in Paragraph 26.

27. Defendants deny the allegations set forth in Paragraph 27.

28. Defendants deny the allegations set forth in Paragraph 28.

29. Defendants deny the allegations set forth in Paragraph 29.

30. Defendants deny the allegations set forth in Paragraph 30.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 6,970,731)

31. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 30.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and therefore deny such allegations.

33. Defendants deny the allegations set forth in Paragraph 33.

## DIRECT INFRINGEMENT OF '731

34. Defendants deny the allegations set forth in Paragraph 34.

## INDIRECT INFRINGEMENT
## (INDUCEMENT – 35 U.S.C. § 271(b))

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants admits that it was made aware of the '731 patent before Plaintiff brought suit.  Defendants deny the remaining allegations set forth in Paragraph 36.

37. Defendants deny the allegations set forth in Paragraph 37.

## INDIRECT INFRINGEMENT
## (CONTRIBUTORY – 35 U.S.C. § 271(c))

38. Defendants deny the allegations set forth in Paragraph 38.

39. Defendants admits that it was made aware of the '731 patent before Plaintiff brought suit.  Defendants deny the remaining allegations set forth in Paragraph 39.

40. Defendants deny the allegations set forth in Paragraph 40.

41. Defendants deny the allegations set forth in Paragraph 41.

42. Defendants deny the allegations set forth in Paragraph 42.

43. Defendants deny the allegations set forth in Paragraph 43.

44. Defendants deny the allegations set forth in Paragraph 44.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the grounds for relief enumerated in Plaintiff's Complaint.

## JURY DEMAND

Defendants acknowledges that Plaintiff demands a trial by jury. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## GENERAL DENIAL

Except as explicitly admitted herein, Defendants denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations of Plaintiff's Complaint without assuming any burden of proof that it would not otherwise have. In addition to the defenses described below and subject to its responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

### First Defense

45.  Plaintiff fails to state a claim upon which relief may be granted because Defendants have not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belong to Plaintiff.

### Second Defense

46. Defendants do not infringe any valid or enforceable claim of the '482 or '731 Patents (collectively, "Asserted Patents").

### Third Defense

47. Plaintiff is estopped, by virtue of the prior art or the prosecution of the Asserted Patents, from asserting infringement against Defendants.

### Fourth Defense

48. Each applicable claim of the Asserted Patents is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

### Fifth Defense

49. Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the Asserted Patents against Defendants.

### Sixth Defense

50. Plaintiff is precluded from recovering damages for infringement of the Asserted Patents, if any, until the date Plaintiff notified Defendants in accordance with 35 U.S.C. 287(a).

### Seventh Defense

51. Plaintiff is precluded from seeking recovery for any of Defendants' allegedly infringing acts occurring more than six years before the filing of the Complaint under 35 U.S.C. 286.

**Eighth Defense**

52.     Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the following relief:

A.     That the Plaintiff's Complaint against Defendants be denied and dismissed with prejudice and that Plaintiff take nothing;

B.     That Defendants be awarded its attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285; and

C.     That Defendants be granted such other and further relief as the Court deems just and proper.

This 9th day of March, 2015.

*s/Mitchell G. Stockwell*
Mitchell G. Stockwell
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309-4528
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
mstockwell@kilpatricktownsend.com

Matias Ferrario(*Pro hac vice* to be filed)
Caroline Wray (*Pro hac vice* to be filed)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27104

                                                  _____

*Counsel for Textronics, Inc. and adidas North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter F. Schoenthaler
3350 Riverwood Parkway, Suite 1900
Atlanta, GA  30339
Telephone:  (404) 592-5397
Facsimile:  (404) 891-6120
pfs@pfslawgroup.com

Andrew Crain
Eric G. Maurer
Thomas Horstmeyer
400 Interstate North Parkway SE, Suite 1500
Atlanta, GA  30339-5029
Telephone: (770) 933-9500
Facsimile:  (770) 951-0933
Andrew.crain@thomashorstemeyer.com
Eric.maurer@thomashorstemeyer.com

 

*s/Mitchell G. Stockwell*
Mitchell G. Stockwell
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309-4528
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
mstockwell@kilpatricktownsend.com

*Counsel for Textronics, Inc. and adidas North America, Inc.*