IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEXTRONICS, INC., and <br> ADIDAS NORTH AMERICA, INC., <br><br> Defendants. | Civil Action File No.: <br> 1:15-cv-00073-TCB |

**PLAINTIFF'S MOTION FOR RELIEF UNDER FED.R.CIV.P. 56(d)
IN RESPONSE TO
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW, Plaintiff Sarvint Technologies, Inc. ("Sarvint"), by and through it undersigned counsel, and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure moves this Honorable Court for an order denying Defendants' Motion for Summary Judgment [Dkt. No. 44] or, in the alternative, deferring consideration of said motion until such time as Defendants provide previously requested discovery to Sarvint, without which discovery Sarvint cannot present facts essential to justify its opposition to the motion. Sarvint shows by the attached declaration that, to date, Sarvint has been denied both general and targeted written

discovery and deposition testimony necessary for Sarvint to provide a substantive response in opposition to the motion. Consequently, if the motion is not denied, Sarvint requests additional time to secure Defendants responses to discovery on the issues raised in Defendants' motion and supporting declaration and to thereafter file its opposition to Defendants' motion.

PROCEDURAL BACKGROUND

A.   **Defendants' Motion for Summary Judgment**

On June 5, 2015 Defendants Textronics, Inc. and adidas North America, Inc. (collectively, "Defendants") moved for summary judgment, claiming that "(1) equitable estoppel bars Plaintiff's pursuit of this action and, in the alternative, (2) Plaintiff's claims for pre-suit damages are, at minimum, barred by laches" based on the actions of third parties, including Georgia Tech Research Corporation ("GTRC") and Sensatex, Inc. ("Senatex"), with respect to Defendant Textronics, Inc. "(Textronics"), and alleged reliance by Defendant adidas North America, Inc. "adidas" on same.  *See* Dkt. No. 44-1 at 4-5.  In support of their motion, Defendants rely largely on the Declaration of Stacy Burr, General Manager of adidas' Digital Sports Business Unit, for support of their factual allegations.  *See, e.g., id.* at 4-8, 11-12, 14-16 (containing references to one or more of the 26 paragraphs of the Burr Declaration ("Burr Dec")); Dkt. No. 44-2 (Defendants'

"Statement of Material Facts") at ¶¶ 13-25, 27-32.

**B.     Sarvint's Requests for Discovery**

Discovery opened in this case on April 9, 2015, 30 days after appearance by each of the Defendants by answer.  *See* LR 26.2[1]; Declaration of Eric G. Maurer ("Maurer Decl."), attached hereto as Exhibit 1, at ¶¶ 2-3.  In keeping with the Court's requirement that "[d]iscovery proceedings must be initiated promptly," Sarvint served its first interrogatories and first requests for production of documents to each of Defendants on April 17, 2015.  *See* Dkt. Nos. 23-26; Ex. 1 (Maurer Decl. at ¶ 4).  On May 21, 2015, Defendants each served objections to Sarvint's interrogatories and requests for production of documents; however, neither Defendant produced any documents supporting their defenses of laches and equitable estoppel, including alleged communications upon which Defendants base their motion for summary judgment.  *See* Ex. 1 (Maurer Decl.) at ¶ 5.  Instead, Defendants stated they each "will supplement its response to this request as necessary in accordance with all applicable rules and orders of this Court" (*id.*, Ex. A-2 at 18, Ex. A-4 at 18) or that they "will produce documents." *Id.*, Ex. A-1 at 7, Ex. A-4 at 7.

---

[1]  "The discovery period shall commence thirty (30) days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."  Defendants filed their answer on March 10, 2015.  *See* Dkt. No. 14.

To date, neither Defendant has supplemented its responses to Sarvint's first set of discovery requests or produced responsive documents.[2] As a result, the entirety of the summary judgment evidentiary record presently before the Court is:

(1) Sarvint's First Amended Complaint [Dkt. No. 19];

(2) Sarvint's Motion for Preliminary Injunction and supporting declarations [Dkt. Nos. 21-1, 21-2, 21-3];

(3) Defendants' Answer to the First Amended Complaint [Dkt. No. 22];

(4) Declaration of Stacey Burr on behalf of Defendants [Dkt. No. 34]; and

(5) Defendants' counsel's declaration in support of the motion for summary judgment and attachment thereto [Dkt. Nos. 44-3, 44-4].

Defendants have made no document discovery available to Sarvint so far in this case.

---

[2] Defendants' only affirmative attempts to identify documents potentially relevant to its summary judgment claims come in the form of vague, non-specific references to "communication s from Senatex and its counsel in 2005," copies of which communications Defendants speculate "should" be in Sarvint's possession. *See, e.g.,* Ex. 1 (Maurer Decl.), Ex. A-1 at 6-7,12-14 and Ex. A-3 at 6-7, 10-12. These documents are not in Sarvint's possession, hence Sarvint's discovery requests to Defendants' for production of these very materials. *See id.*, Ex. A-2, A-4, E.

C.  **Defendants' Refusal to Timely Provide Requested Discovery on Their Summary Judgment Issues and Supporting Declaration.**

Within a week after the filing of Defendants' motion for summary judgment, counsel for Sarvint provided to counsel for Defendants a detailed list of targeted discovery necessary for Sarvint to be able to address the issues and factual allegations raised by Defendants in their motion and the supporting Burr Declaration and, accordingly, to respond in opposition to the motion.  *See*  Ex. 1 (Maurer Decl.) at ¶ 6, Ex. B.  Defendants' counsel refused to provide the discovery, dictating that Defendants "must receive formal notices for the requested discovery and depositions."  *See id*. at ¶ 7, Ex. C.  Sarvint complied with this demand on the next business day, serving a formal, second set of targeted document requests (*see* Dkt. No. 51) and requesting dates for deposition of Defendants on the requested documents and deposition of Defendants' summary judgment declarant Stacey Burr so that formal notices for deposition could subsequently issue for such dates.  *See id.* at ¶ 8, Exs. D, E.  Along with the service of the formal discovery requests, and even though not required by Rules 26, 34 or 56 of the Federal Rules of Civil Procedure, Sarvint provided an explanation of the relevance of the requests to the issues raised in Defendants motion for summary judgment and an indication the Sarvint needed the requested discovery in a timely manner in order to avoid being forced by Defendants' lack of cooperation on the

discovery issues to respond to the motion for summary judgment pursuant in the manner of the relief requested herein.  *See id.* at ¶ 9, Ex. D.

Not until the end of another nine days later did counsel for Defendants first respond to Sarvint's letter serving the formal discovery requests and specifically specific requesting confirmation that Defendants would provide the requested discovery in a timely manner so that Sarvint could obtain the discovery prior to its June 29, 2015 deadline to response to the motion.  *See id.* at ¶ 10.  Notably, Defendants' conceded in their response that their motion for summary judgment "requires limited discovery." *Id.*, Ex. F.  Nevertheless, Defendants continued to object to providing the requested discovery and refused to confirm that any of the requested discovery would be made available to Sarvint before June 29. *Id.*

The next day, now four days before Sarvint's motion response deadline, Sarvint's counsel asked Defendants' counsel to confirm "(1) whether adidas will provide the discovery requested on June 12 and again on June 15, and (2) if so, when responsive documents will be produced and the declarant made available for deposition."  *See id.* at ¶ 11, Ex. G.  Defendants' counsel continued to object to the relevance of the requested discovery and refused to confirm that any such discovery would be provided to Sarvint in a timely manner, simply offering to

further "meet and confer."[3]  *See id.* at ¶12, Ex. H.

### D. Defendants' Refusal to Consent to Extension of Time for Sarvint's Response to the Motion

In view of Defendants' recalcitrance providing document and deposition discovery, Sarvint explicitly requested confirmation from Defendants' counsel whether Defendants would consent to an extension of time for Sarvint to respond to the instant motion for summary judgment until the summary judgment discovery issues were resolved. *See id.* at Ex. G. Defendants refused to confirm their consent to such an extension.

Consequently, Sarvint's deadline for responding to the motion is today. Without the necessary, limited discovery targeted specifically to Defendants' summary judgment arguments, statement of facts and supporting testimony, Sarvint cannot present facts essential to justify its opposition.

---

[3] For the first time, earlier today – the very day the Sarvint's response to the motion for summary judgment is due – counsel for Declarants offered to make an allegedly knowledgeable witness (albeit an individual other than their summary judgment declarant) available for deposition on July 9, 2015, which date is **10 days after** Sarvint's deadline to respond to the motion for summary judgment. Even if the witness offered by Defendants as a substitute for its summary judgment declarant were a suitable replacement (a point which Sarvint does not concede), Defendants' late-coming offer of a deposition date fails to cure Sarvint's inability present facts essential to justify its opposition both chronologically and substantively, as it denies Sarvint access to Defendants' declarant and prevents Sarvint from including consideration of any such testimony in its opposition to the motion. *See* Ex. 1 (Maurer Decl.) at ¶ 13, Ex. I.

ARGUMENT AND CITATION OF AUTHORITY

A.   **Rule 56(d) Warrants Denial of the Motion.**

Rule 56 of the Federal Rules of Civil Procedure provides as follows:

> WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d). "When a Summary Judgment Motion is filed very early in the litigation, before a realistic opportunity for discovery, courts generally grant Rule 56(d) postponements freely. In such cases, summary judgment should be refused as a matter of course, with exceptions permitted in only rare cases." Baicker-McKee, Janssen, Corr, *Federal Civil Rules Handbook*, Thompson Reuters/West (21st ed. 2014), p. 1149, citing, in part, *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1981). "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Williams v. Le Crewe de Spaniards*, 2009 U.S. Dist. LEXIS 97811 (S.D. Ala.

8

2009), citing *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997).

Here, Defendants seek a summary judgment ruling from the Court based on facts, not facts as pled or facts as alleged but facts which must be construed in a light most favorable to Sarvint. *Walton-Horton v. Hyundai of Alabama*, 403 Fed.Appx. 405, 407 (11th Cir. 2010). Sarvint "has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery to enable [it] to determine whether [it] can furnish opposing affidavits." *See Snook v. Trust Company of Georgia Bank of Savannah, N.A.*, 859 F. 2d 865 (11th Cir. 1988). Sarvint has, to date, been denied this opportunity to obtain facts and probative documents to challenge Defendants' allegations of fact and the contents of the Burr Declaration.

**B.    Defendant's Conduct Warrants Denial of the Motion.**

Defendants have refused to timely participate in discovery – despite Sarvint's two sets of formal discovery requests and requests for dates for two depositions (likely to be for the same deponent in an individual and corporate representative capacities) focused on the summary judgment issues at hand – so that Sarvint could obtain discovery of the facts underlying Defendants' motion before Sarvint's response was due. *See* Ex. 1 (Maurer Decl.) at ¶¶ 6-14, Exs. B-I.

Moreover, the discovery requested by Sarvint seeks to identify and locate

essential facts and probative documents necessary for Sarvint's opposition to the motion on specific summary judgment issues raised by Defendants, including:

- whether any actions of prior licensee were misleading to Defendants (*see id.* at ¶ 15);

- whether Defendants relied on any allegedly misleading actions (*see id.*);

- whether such reliance was reasonable or justifiable (*see id.*);

- whether such reliance resulted in harm to Defendants (*see id.*);

- whether any alleged delay resulted in harm to the Defendants (*see id.*);

- Defendants' investment in its accused infringing products specifically in the United States versus worldwide data, which is probative of whether Defendants suffered prejudice from any alleged delay (*see id.* at ¶ 16);

- whether any of the harms alleged in the Burr Declaration were the result of Sarvint's alleged delay or, instead, were the results of business decisions by Defendants (*see id.* at ¶ 17) ;

- other business opportunities available to Defendants at the time;

- whether the subject of the prior alleged discussions with Senatex was the same, or substantially similar, currently accused product (*see id.* at

¶ 18);

- the veracity of the Burr Declaration and other factual allegations submitted in support of Defendants' motion for summary judgment (*see id*. at ¶ 19).

These facts and related documents are within Defendants' possession, custody, or control and are not presently available to Sarvint. Defendants' responses to Sarvint's first discovery requests were due on May 21, 2015, yet Defendants have not produced a single discovery document or supplemented their interrogatory responses with promised documents under Fed.R.Civ.P. 33(d).[4] Several of Sarvint's first requests for production of documents seek information and documentation of facts that are essential to justify its opposition to the pending motion for summary judgment. *See, e.g.*, Ex. 1 (Maurer Decl.), Exs. A-2 and A-4.

Moreover, Defendants' pending motion for summary judgment was filed was filed three weeks ago, and Sarvint's requests for discovery related to the motion and its supporting Burr Declaration have been pending for more than two

---

[4] Despite Defendants' unilateral attempt to rewrite Local Rule 26.2(A), discovery in this action opened on or around April 10, 2015. Sarvint promptly served discovery requests shortly thereafter, on April 17, 2015. In the intervening two months, Defendants have not provided a substantive response to any of the properly served interrogatories and have not produced a single document responsive to any of Sarvint's general discovery requests or its discovery requests specifically targeted to the motion for summary judgment.

11

weeks. *See id.* at ¶¶ 6-12, Ex. E. Sarvint's requests in this regard are pointed and particularly related to the issues raised in Defendants' motion. *See, e.g.*, *id.*, Ex. E at Request No. 49 ("All documents related to the acquisition of Textronics, Inc. [] by adidas, as referenced in paragraph 2 of the Burr Declaration."), Request No. 54 ("All documents relating to similarities and differences between adidas's miCoach® garments with sensor technology and Textronics' NuMetrex® line of garments with sensor technology."), Request No. 57 ("Documents evidencing the amount of U.S. sales of the Adidas Accused Products since December 2005").

In addition, Sarvint has not had the opportunity to test the veracity of the assertions and other factual allegations proffered by Defendants in support of their motion for summary judgment, particularly the Burr Declaration. *See* Ex. 1 (Maurer Decl.) at ¶ 19. Given the conclusory nature of the majority of the statements in the declaration in support of Defendants' motion for summary judgment, Sarvint expects to uncover facts during discovery that demonstrate that the conclusory assertions are unsupported by any underlying, actual facts. *See, e.g.*, Dkt. No. 34 (Burr Decl.) at ¶¶ 22-23 ("22. … ***I believed*** that Sensatex and GTRC had elected to drop the matter and not pursue any enforcement action …. I relied on that view in operating the business thereafter.    23. In reliance on that view, adidas and Textroncis have substantially expanded the sales of the accused

products ....") (emphasis added). Yet, Defendants want their motion considered and heard by the Court without an opportunity for Sarvint to obtain requested discovery, test the testimony of Defendants' declarant, or substantively oppose the motion.

Now, on the day that Sarvint's response is due, Defendants finally offer a deponent, but not their declarant and not until July 9, 2015, ten days *after* Sarvint's opposition is due. *See id.* at ¶ 13, Ex. I. Because Defendants have refused to meaningfully participate in discovery, either generally once discovery opened on April 10, 2015, or specifically related to this motion, Sarvint does not have access to the facts essential to justify its opposition to the motion for summary judgment and to file its response, accordingly. *See id.* at ¶ 14. Defendants' refusal to consent to an extension of Sarvint's time to respond to the motion for summary judgment has further complicated Sarvint's ability to discover and present facts essential to justify its opposition. *See id.* at ¶¶ 11-12, Exs. G, H.

Defendants' efforts to run out the clock on Sarvint's ability to obtain summary judgment discovery should not be rewarded. Defendants' conduct of avoiding its discovery obligations and complicating Sarvint's efforts to obtain discovery specifically targeted to the issues raised in Defendant's summary judgment motion and supporting declaration warrants denial of the motion, or, at a

minimum, justifies a delay in the Court's consideration of the motion until the requested discovery has been completed.

## C. The Motion Should Be Denied as Premature.

The Eleventh Circuit has made clear that summary judgment may "only be decided upon an adequate record." *Snook*, 859 F.2d 865, 870 (11th Cir. 1988) (*citing WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). As part of creating an adequate record, the Eleventh Circuit held that summary judgment should not be granted "until the party opposing the motion has had an adequate opportunity for discovery." *Id.* Importantly, the "party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Id.*; *see also Walker v. JPMorgan Chase Bank, N.A.*, 987 F. Supp. 2d 1348, 1352 (N.D. Ga. 2013) (Batten, J.) (holding that the Court "should not grant summary judgment if additional discovery would aid the nonmoving party's opposition …").

The elements of laches are: (1) an unreasonable and inexcusable delay in bringing suit and (2) material prejudice to the defendant as a result of the delay. *State Contr. & Eng'g Corp v. Condotte Am., Inc.*, 346 F.3d 1057, 1065 (Fed. Cir. 2003). The elements of equitable estoppel are: (1) that the plaintiff, through

misleading conduct, led the defendant to reasonably infer that the plaintiff did not intend to enforce its patent against the defendant; (2) the defendant relied on that conduct; and (3) due to that reliance, the defendant will be materially prejudiced if the claim proceeds.  *A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).  For laches or estoppel to apply, the product at issue must be the same or substantially similar to the product allegedly giving rise to the equitable remedies.  *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1295 (Fed. Cir. 2008).  Perhaps most importantly, "[l]aches and estoppel are equitable defenses" that "ultimately turn on underlying factual determinations." *Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992).

The factual record on summary judgment, here, is plainly in adequate. Accordingly, the Defendants motion for summary judgment should be denied pursuant to Rule 56(d).

## CONCLUSION

For the foregoing reasons, Sarvint should be afforded the opportunity to identify and offer admissible evidence in opposition to Defendants' early motion for summary judgment before the Court rules upon the motion.  Therefore, Sarvint respectfully requests that the Court grant the relief sought herein under

15

Fed.R.Civ.P. 56(d) by denying the motion, or, alternatively, delaying consideration of the motion until such time as: (1) Defendants fully and materially responds to Sarvint's second requests for production of documents directed specifically to the summary judgment issues and make their declarant Stacey Burr available for deposition on the contents of the Burr Declaration, and (2) Sarvint subsequently files its opposition to the motion.  The parties simply need additional time to develop an adequate evidentiary record on the factually-intensive issues of equitable estoppel and laches.[5]

This 26th day of June, 2015.

                                                Respectfully submitted,

                                                */s/ Eric G. Maurer*

                                                Peter F. Schoenthaler
                                                Bryan Baysinger
                                                PETER F. SCHOENTHALER, P.C.
                                                3350 Riverwood Parkway, Ste. 1900
                                                Atlanta, Georgia 30339
                                                Telephone: (404) 592-5397
                                                Facsimile:  (404) 891-6120
                                                pfs@pfslawgroup.com

---

[5] If the Court is inclined to consider Defendants' motion on the merits despite Sarvint's request for relief herein and Defendant's preclusion of discovery all of the above concerns and Defendants' refusal to engage in fact discovery, Sarvint would request 7 days from an order declining to deny the motion pursuant to Rule 56(d) to file a substantive response.

N. Andrew Crain
Dan R. Gresham
Eric G. Maurer
THOMAS | HORSTEMEYER. LLP
400 Interstate North Parkway SE, Ste. 1500
Atlanta, Georgia 30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
andrew.crain@thomashorstemeyer.com
Dan.Gresham@thomashorstemeyer.com
Eric.Maurer@thomashorstemeyer.com

*Attorneys for Plaintiff Sarvint Technologies, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that certify that the foregoing brief has been prepared with one of the font and point selections approved by the Court in LR 5.1B.

This 26th day of June, 2015.

                Respectfully submitted,

                */s/ N. Andrew Crain*
                N. Andrew Crain
                *Attorney for Plaintiff*
                *Sarvint Technologies, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEXTRONICS, INC., and <br> ADIDAS NORTH AMERICA, INC., <br><br> Defendants. | Civil Action File No.: <br> 1:15-cv-00073-TCB |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR RELIEF UNDER FED.R.CIV.P. 56(d) IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was filed with the Court using the Court's CM/ECF service, the "Notice of Electronic Filing" of which is automatically generated by the Court's Electronic Filing System and constitutes service of the filed documents on counsel of record.

This 26th day of June, 2015.

Respectfully submitted,

/s/ Eric G. Maurer

19

*Attorney for Plaintiff Sarvint Technologies, Inc.*