# EXHIBIT 1: CORRECTED EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEXTRONICS, INC., and <br> ADIDAS NORTH AMERICA, INC., <br><br> Defendants. | Civil Action No.: 1:15-cv-00073-TCB |

## DECLARATION OF DR. SUNDARESAN JAYARAMAN

I, Dr. Sundaresan Jayaraman, under oath and under penalty of perjury do hereby declare, certify, verify, and state as follows:

1. I am over the eighteen years of age. I am competent to testify to the matters stated herein. Matters stated in this Declaration are true and correct and based on my personal knowledge. This Declaration is being offered for use in evidence in the above-captioned action, and for any other purposes allowed by law.

2. I am a named inventor of U.S. Patent No. 6,970,731 ('731' Patent) licensed by Georgia Tech Research Corporation ('GTRC') to Sensatex, Inc. between at least 2006 and August 2012.

3. During the time that Sensatex was a licensee of the '731 Patent, I was

a shareholder of Sensatex.

4. As a shareholder of Sensatex, in the summer of 2008, I received a letter from Bob Kalik updating the shareholders as to the challenges that Sensatex faced and announcing that he was stepping down as CEO. The letter stated that Sensatex was out of funds and had no personnel other than Bob Kalik. I understood this letter to mean that Sensatex was out of business and from receipt of that letter I know of no further business operations engaged in by Sensatex. A true and correct copy of the letter from Bob Kalik is attached as Exhibit A.

5. By at least September 11, 2008, after receiving the letter from Bob Kalik, I contacted GTRC to inquire whether anything could be done to aid in the commercialization of the technology included in at least the '731 Patent.

6. Between at least September 11, 2008 and at least August 2012, I actively and consistently continued to work with GTRC, through communications with at least Mr. Kevin Wozniak, Director of Technology Licensing, and Dr. Cheryl Junker, Licensing Associate, to determine whether the technology of at least the '731 Patent could be regained or the license to Sensatex could be terminated such that another licensee could commercialize the technology.

7. Between at least September 11, 2008 and at least August 2012, through communications with at least Mr. Kevin Wozniak and Dr. Cheryl Junker, I was made aware that GTRC was consistently working to regain the technology contained in at

least the '731 Patent or terminating the license with Sensatex consistent with GTRC's policies and experience in regaining technology from other licensees. I was made aware through my communications with GTRC that GTRC was cautiously pursuing regaining this technology because GTRC had experienced significant delays in regaining technology in the past when other licensees filed for bankruptcy and GTRC was attempting to avoid a similar situation with Sensatex.

8. By August 2012, through my consistent correspondence with GTRC regarding the status of the license to at least the '731 Patent, I became aware that the license between GTRC and Sensatex was terminated and GTRC had reacquired rights to the '731 Patent.

9. Upon learning that the license between GTRC and Sensatex was terminated, I actively supported GTRC in obtaining a new licensee for the technology contained in at least the '731 Patent. I worked with, Palaniswamy Rajan (now the Chief Executive Officer of Sarvint Technologies), to form Sarvint Technologies, Inc. and introduced Sarvint Technologies to Georgia Tech Research Corporation to obtain a license for at least the '731 Patent.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 19, 2015 in Atlanta, Georgia.

_____  Oct 19, 2015
Dr. Sundaresan Jayaraman